## Case No. 5,140.

## FRY v. QUINLAN.

[13 Blatchf. 205.][1]

Circuit Court, S. D. New York. Dec. 6, 1875.

George H. Yeaman, for plaintiff.
Charles Goepp, for defendant.

JOHNSON, Circuit Judge. The original bill was filed under a patent which has been since surrendered under the statute (Rev. St. § 4914). Upon the surrender, a new patent was issued according to the same statute. Thereupon, the complainant applies for leave to file a supplemental bill founded upon the reissued patent, and asks for an injunction.

In the case of Moffitt v. Garr, 1 Black [66 U. S.] 273, Mr. Justice Nelson, giving the opinion of the supreme court upon the effect of section 13 of the act of congress of July 4, 1836 (5 Stat. 122), says: "The construction given to this section, * * * and the practice under it, in case of a surrender and reissue, are, that the pending suits fall with the surrender. A surrender of the patent to the commissioner, within the sense of the provision, means an act which, in judgment of law, extinguishes the patent. It is a legal cancellation of it, and hence can no more be the foundation for the assertion of a right after the surrender, than could an act of congress, which has been repealed. It has frequently been determined, that suits pending, which rest upon an act of congress, fall with the repeal of it. The reissue of the patent has no connection with, or bearing upon, antecedent suits; it has as to subsequent suits. The antecedent suits depend upon the patent existing at the time they were commenced, and, unless it exists and is in force at the time of trial and judgment, the suits fail." It is true that the point decided in that case was, that the surrender barred an action at law for a previous infringement; but the ground upon which the decision is put is equally applicable to a suit in equity. The right is the same in either case; the remedy only is different. It is not perceived how a surrendered patent can be the foundation of relief in equity any more than at law. The case of Dental Vulcanite Co. v. Weth-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

erbee [Case No. 3,810] is referred to in support of the complainant's motion; but the case only shows that, in the district of Massachusetts, it is in fact the usual practice to file a supplemental bill upon a reissued patent, in aid of a bill based upon the original patent before its surrender. It does not appear how, or upon what view of the rights of the parties, that practice was established. The statute only declares that the reissued patent, with the corrected specification, "shall have the same effect and operation in law, on the trial of all actions for causes thereafter arising, as if the same had been originally filed in such corrected form." Rev. St. § 4916. But this declaration gives no countenance to the idea, that the reissued patent can be availed of to sustain and render effectual a suit the basis of which is taken away by the act of the party in surrendering his patent. It is not in general the function of a supplemental bill to restore or renew a cause of action which has ceased to exist. Such a bill, on the contrary, rests on the equity of the original bill, and seeks to apply it under altered circumstances, but in the enforcement of the same right. Taking this view of the law, the complainant is not entitled to file the supplemental bill, and, of course, is not entitled to the preliminary injunction prayed for.

In order to avail himself of any rights he may have upon the facts stated in the supplemental bill, the complainant must proceed by original bill founded on the reissued patent, as was done in Orr v. Badger [Case No. 10,587].

The motions must be denied.